Citation Nr: 1522692 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 10-37 454 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

S. Mishalanie, Counsel



INTRODUCTION

The Veteran served on active duty from July 1966 to June 1968. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Augusta, Maine. The RO in Indianapolis, Indiana certified the appeal to the Board. 

A RO hearing was scheduled for a date in November 2010; however, the Veteran failed to appear for the hearing. Notice of the hearing was sent to his last reported address in September 2010. The notice was not returned as undeliverable, and the Veteran has not provided good cause for his failure to appear or requested that the hearing be rescheduled. Therefore, his hearing request is deemed withdrawn.

The Veteran's paper claims file and electronic folder in Virtual VA and the Veterans Benefits Management System (VBMS) have been reviewed in conjunction with the disposition of the issues on appeal. VBMS contains a copy of the April 2015 Written Brief Presentation. Otherwise the electronic folders contain irrelevant or duplicate documents.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.


REMAND

This claim is being remanded for a VA examination. A VA examination was conducted for tinnitus in August 2009. At the time of the examination, the Veteran denied having tinnitus. In his October 2009 notice of disagreement, he explained that he has ringing in his ears, but did not have it at the time of the examination. He stated that when he denied having tinnitus, it was a miscommunication on his part. Accordingly, the Board finds that another VA examination is needed to make a determination on this claim. See 38 C.F.R. § 3.159(c)(4) (2014).

In this case, the Veteran has asserted that his hearing loss resulted from in-service noise exposure. In a June 2009 Questionnaire, he indicated that he was a Hawk missile systems loader and that the missile site was in the artillery training area where there were large tanks and Howitzers. In his April 2015 Written Brief Presentation, his representative indicated that the Veteran was also exposed to kitchen noise and M-14 rifles during service. The Veteran's service personnel records reflect that his principal duty was Hawk missile crewman from November 1966 to February 1967. Thereafter, he was cook's helper and cook. Based on the foregoing, the Board finds that in-service noise exposure to missile and weapon firing is consistent with the circumstances of his service. See 38 U.S.C.A. § 1154(a) (West 2014). Therefore, in-service noise exposure is conceded. The Board notes, however, that there is also evidence of noise exposure during civilian life. His service personnel records indicate that he worked as a drill press operator in a machine shop prior to service. During the August 2009 examination, he reported that he also worked in manufacturing and was exposed to loud noises. Therefore, the VA examination requested in this remand should include a full discussion of the Veteran's military, occupational, and recreational noise exposure.

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for another VA examination to determine the nature and etiology of his complaints of tinnitus. The claims folder should be made available for review by the examiner. Any indicated tests and studies must be accomplished. All clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. All opinions must take into account the Veteran's own history and contentions. The examiner must elicit from the Veteran a history of his military, occupational, and recreational noise exposure.

After examining the Veteran and reviewing the record, the examiner should indicate whether the Veteran currently has tinnitus. If so, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that tinnitus manifested during active duty service or is otherwise etiologically related to military service, including noise exposure. In rendering this opinion, the examiner must address the Veteran's military, occupational, and recreational noise exposure. 

2. Notify the Veteran that it is his responsibility to report for the scheduled examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014). In the event that the Veteran does not report for the scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

3. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

4. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be readjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).